UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| JOHN M. HALL, | ) | |
| a/k/a "JOHNNY BOY" HALL | ) | Civil Action No. 14-CV-21-HRW |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| MICHAEL SEPANEK, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

John M. Hall, a/k/a "Johnny Boy" Hall is an inmate confined in the Federal

Correctional Institution-Ashland located in Ashland, Kentucky. Proceeding

without an attorney, Hall has filed a petition for writ of habeas corpus pursuant to

28 U.S.C. § 2241, challenging his federal conviction. [D. E. No. 1] Hall has paid

the $5.00 filing fee. [D. E. No. 3]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C.

§ 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir.

2011). The Court must deny the petition "if it plainly appears from the petition

and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the

Rules Governing § 2254 Cases in the United States District Courts (applicable to §

2241 petitions under Rule 1(b)). The Court evaluates Hall's § 2241 petition under

1

a more lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), accepts his factual allegations as true, and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Having reviewed Hall's habeas petition, the Court must deny it because a § 2241 petition is not the proper vehicle for obtaining the relief which Hall seeks.

## PROCEDURAL HISTORY

On April 18, 2012, Hall pleaded guilty in this Court to Conspiracy to Distribute 100 Kilograms or More of Marijuana in violation of 21 U.S.C. §§ 846, 851, and to Attempt to Possess with Intent to Distribute 50 Kilograms or More of Marijuana, also in violation of 21 U.S.C. §§ 846, 851. *United States v. Hall*, No. 7:11-CR-3-ART-01 (E.D. Ky. 2011) [R. 316, therein]  On that same date, the Court approved a Plea Agreement, which both Hall and the United States had previously executed in January 2012. [R. 317, therein]

Pursuant to the Plea Agreement, Hall: (1) acknowledged the essential element of both offenses to which he was pleading guilty;  (2) admitted that the United States could prove the essential elements of both offenses beyond a reasonable doubt; (3) acknowledged that the statutory maximum punishment for the Conspiracy offense was imprisonment for not less than 10 years nor more than

2

Life imprisonment, no more than an $8 million fine, and a supervised release term of at least 8 years; (4) acknowledged that the statutory maximum punishment for the Attempt offense violation was imprisonment for not more than 30 years, not more than $2 million fine, and a supervised release term of at least 6 years; (5) admitted that because he had a prior drug felony of which the United States gave official notice, he was subjected to these enhanced statutory punishments; (6) waived his right to appeal or collaterally attack his guilty plea, conviction, and sentence; and (7) agreed to make certain financial disclosures and to forfeit specified assets. [*Id.*, pp. 1-7, therein]

On April 24, 2014, the Court sentenced Hall to a 120-month prison term, followed by an 8-year term of supervised release. [R. 319, therein] The docket sheet from Hall's criminal proceeding does not reflect that Hall either appealed his sentence or filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Hall filed this § 2241 proceeding on February 21, 2014.

## CLAIMS ASSERTED IN § 2241 PETITION

In his § 2241 petition, Hall alleges that the United States concealed material information from him during the plea negotiations, in violation of his right to due process of law. Hall described the allegedly withheld information as "...certain evidence against him which had been sealed by the Court before the negotiations

3

for the plea began." [D. E. No. 1, p. 6] Hall states that he unsuccessfully sought information regarding statements from co-defendant Rodney Mullins, and that he was "...entitled to any testimony or statements from any Co-defendant or any witness upon which the government may depend upon at trial." [*Id.*, p. 7] Hall claims that based on the United States' failure and/or refusal to disclose the material information about Mullins's statements, his guilty plea was coerced, unintelligent, and involuntary.

Hall further alleges that his trial counsel "failed in his professional responsibility by allowing Petitioner [Hall] to enter into the reckless and ill-advised Plea Agreement." [*Id.*] This allegation falls under the Sixth Amendment of the U.S. Constitution, which guarantees effective assistance of counsel during criminal proceedings. Hall seeks an order invalidating his plea agreement, granting him a new trial, and directing the respondent to show "cause" why he should continue to be held in federal custody.

## DISCUSSION

Hall is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. *United States v. Jalili*, 925 F.2d 889, 894 (6th Cir. 1999). Instead, Hall challenges the constitutionality of his underlying federal convictions

and resulting sentence on Fifth and Sixth Amendment grounds. But § 2241 is not

the mechanism for asserting such challenges: 28 U.S.C. § 2255(a) provides the

primary avenue of relief for federal prisoners seeking relief from an unlawful

conviction or sentence, *Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009),

and is the mechanism for collaterally challenging errors that occurred "at or prior

to sentencing." *Eaves v. United States*, 4:10-CV-36, 2010 WL 3283018, at *6

(E.D. Tenn. Aug. 17, 2010).

Section 2255(e) provides a narrow exception to this rule, and permits a

prisoner to challenge the legality of his conviction through a § 2241 petition, where

his remedy under Section 2255 "is inadequate or ineffective" to test the legality of

his detention. The only circumstance in which a petitioner may use this provision

is where, after his conviction has become final, the Supreme Court re-interprets the

terms of the statute the petitioner was convicted of violating in such a way that his

actions did not violate the statute. *Martin v. Perez*, 319 F.3d 799, 804 (6th Cir.

2003). *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004); *Lott v.

Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). This exception does not apply

where the prisoner failed to seize an earlier opportunity to correct a fundamental

defect in his conviction under pre-existing law, or where he did assert a specific

claim in a prior post-conviction motion under § 2255, but was denied relief on the

5

claim. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999); *United States v. Prevatte*, 300 F.3d 792, 800 (7th Cir. 2002).

In his § 2241 petition, Hall claims that the government withheld relevant information, which action allegedly rendered his guilty plea involuntary and unintelligent, and that his trial counsel was constitutionally ineffective for allowing him to plead guilty without the benefit of all material information. However, Hall could and should have raised these claims in his criminal proceeding by filing a motion to vacate or set aside his sentence under § 2255, but he did not file a § 2255 motion raising these or any other claims.

The remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion; where he asserted a claim but was denied relief on it, or where he has allowed the one-year statute of limitations to expire. *Charles*, 180 F.3d at 756-58; *Szabo v. Snyder*, 83 F. App'x 738, 740 (6th Cir. 2003). Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255. *Id.*, at 758; *Liddell v. Young*, 61 F. App'x 943, 944 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756. Given the facts and the law of this circuit, Hall has failed to demonstrate that his remedy under § 2255 was inadequate or ineffective to challenge his federal detention.

6

Further, a prisoner proceeding under § 2241 can use the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Paulino v. United States*, 352 F.3d 1056, 1061 (6th Cir. 2003). An actual innocence claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *See Barnes v. United States*, 102 F. App'x 441, 443 (6th Cir. 2004); *Lott v. Davis*, 105 F. App'x 13, 14-15 (6th Cir. 2004). To make this showing, the movant must allege a new rule of law made retroactive by a Supreme Court case, such as the claim raised in *Bailey v. United States*, 516 U.S. 137 (1995). *Townsend v. Davis*, 83 F. App'x 728 (6th Cir. 2003); *United States v. Peterman*, 249 F.3d. 458, 461 (6th Cir. 2001).

Because Hall points to no retroactively applicable Supreme Court decision which would afford him relief from his convictions, he has therefore not alleged a claim of actual innocence as to his federal drug convictions. Further, any actual innocence claim also fails because Hall signed a Plea Agreement in which he admitted that the United States could prove the essential elements of the two drug offenses to which he was going to plead guilty. Further, in Paragraph 8 of that Plea Agreement, Hall expressly and unequivocally waived his right to appeal or

7

collaterally attack his conviction. Such waivers are enforceable in habeas proceedings under § 2241, and preclude the assertion of the very arguments Hall pursues here. *Solis–Caceres v. Sepanek*, No. 13-CV-21-HRW, 2013 WL 4017119, at *3 (E.D.Ky. Aug. 6, 2013) (collecting cases); *Combs v. Hickey*, No. 11-CV-12-JMH, 2011 WL 65598 (E.D. Ky. Jan. 7, 2011); *Peete v. United States*, No. 11-CV-2242, 2013 WL 3199834, at * 1–2 (C.D. Ill. June 24, 2013); *Gonzalez v. Warden of MCC New York*, No. 12–Civ. 6910, 2013 WL 144956 (S.D.N.Y. Jan. 14, 2013).

Because Hall broadly alleges that his counsel failed to provide him effective assistance of counsel during the plea negotiations, and because Hall is proceeding without an attorney, the Court will briefly address two cases, *Missouri v. Frye*, ___U.S.___, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376 (2012),[1] which discuss when a defendant may assert certain types of claims alleging ineffective assistance of counsel. Neither of these cases factually assist Hall, but even assuming Hall was denied effective assistance of counsel during the plea negotiation process, these cases do not announce a new constitutional rule,

---

[1]
 In *Frye*, the Supreme Court held that defense counsel has a duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration, and that defense counsel's failure to inform a defendant of a written plea offer before it expired satisfies the deficient performance prong of the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1986). In *Lafler*, the defendant went to trial rather than accept a plea deal as a result of ineffective assistance of counsel during the plea negotiation process. *Lafler*, 132 S.Ct. at 1386. The defendant received a substantially more severe sentence at trial than he likely would have received by pleading guilty. *Id.*

and therefore do not apply retroactively to cases on collateral review. *See In re Liddell*, 722 F.3d 737, 738 (6th Cir. 2013); *Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012); *In re King*, 697 F.3d 1189 (5th Cir. 2012); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012); *In re Graham*, 714 F.3d 1181, 1183 (10th Cir. 2013).

In summary, because Hall has neither carried his burden of showing that his remedy under § 2255 was inadequate to challenge his federal conviction, nor established a claim of actual innocence, he is not entitled to relief from his conviction under § 2241. Hall's habeas petition will be denied and this proceeding will be dismissed.

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. John M. ("Johnny Boy") Hall's 28 U.S.C. § 2241 petition for a writ of habeas corpus [D. E. No. 1] is **DENIED**;

2. The Court will enter an appropriate judgment; and

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This 16th of June, 2014.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

9